IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
RUSSELL SPELL,                        §
                                      §
          Plaintiff,                  §
                                      §
v.                                    §
                                      §   CIVIL ACTION NO. H-07-1509
WILLBROS USA, INC., WILLBROS          §
DRILLING, INC., SHELL PIPELINE        §
CO., LP, and SHELL DEVELOPMENT        §
CORP.,                                §
                                      §
          Defendants.                 §
```

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant Shell Petroleum Development Company of Nigeria, Ltd.'s ("SPDC") Motion to Dismiss for Lack of Personal Jurisdiction, and, Subject Thereto, Answer and Motion to Dismiss for Forum Non Conveniens (Docket Entry No. 37). For the reasons stated below SPDC's motion will be granted.

**I.   Factual and Procedural Background**

SPDC is a Nigerian corporation. Its registered place of business is Nigeria. All of its operations are conducted in Nigeria. All of its offices and records are located in Nigeria.[1] SPDC does not own, lease, rent, or control any real or personal property in Texas or even the United States. It has no bank

---

[1] Shell Petroleum Development Company of Nigeria, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction, and Subject Thereto, Answer and Motion to Dismiss for Forum Non Conveniens, Docket Entry No. 37, Declaration of Tunde Aribido ¶¶ 2, 4.

accounts in the United States.  Within the last three years it has recruited employees living in the United States and Texas; but all of these prospective employees were Nigerian.[2]

SPDC entered into a joint venture through contract with the Willbros defendants.  Under the contract the Willbros defendants agreed to supply SPDC with the personnel, equipment, and vessels necessary to complete the required work.  The contract is governed by Nigerian law and requires the parties to submit to the exclusive jurisdiction of Nigerian courts.  The contract also requires the parties to appoint a representative to handle matters related to the contract.[3]  The Willbros defendants appointed Rick Wiggins, who, from his office in Houston, Texas, communicated with SPDC both by telephone and email.[4]

In the performance of its contractual duties the Willbros defendants provided SPDC with its barge, the WB 318.  Plaintiff, an employee of the Willbros defendants, was assigned to work on this barge.[5]

---

[2]Plaintiff's Response to Shell Petroleum Development Company of Nigeria, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Forum Non Conveniens, Docket Entry No. 38, Exhibit 3, Defendant Shell Petroleum Development Company of Nigeria, Ltd.'s Response to Plaintiff's First Set of Interrogatories, pp. 13, 14-16.

[3]Id., Exhibit 1, Forcados Yokri Integrated Project Agreement, § II, ¶¶ 4.1, 5.1, 39.7.

[4]Id., Exhibit 3, Defendant Shell Petroleum Development Company of Nigeria, Ltd.'s Response to Plaintiff's First Set of Interrogatories, p. 17.

[5]Plaintiff's First Amended Complaint, Docket Entry No. 31, ¶ 12.

In the early morning of February 18, 2006, just off the shores of Nigeria, pirates attacked the WB 318. Although the barge had a team of Nigerian soldiers on board, the pirates overwhelmed the soldiers, boarded the WB 318, took nine hostages, and fled.[6] During this melee plaintiff suffered debilitating injuries.[7]

Plaintiff filed suit in state court against SPDC and the Willbros defendants alleging that they were negligent and failed to provide him with a safe work environment. After the defendants removed the suit to federal court on the basis of diversity jurisdiction, SPDC filed its motion to dismiss, arguing that it was not subject to personal jurisdiction in Texas and, in the alternative, that plaintiff's suit against SPDC should be dismissed for <u>forum non conveniens</u>.[8] Before ruling on this motion the court granted plaintiff's request for more time to respond to SPDC's motion and to conduct jurisdictional discovery.[9] SPDC then refiled its motion to dismiss,[10] and plaintiff filed his response arguing

---

[6]Shell Petroleum Development Company of Nigeria, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction, and, Subject Thereto, Answer and Motion to Dismiss for <u>Forum Non Conveniens</u>, Docket Entry No. 37, Declaration of Olugbenga Adebayo ¶ 2, 5.

[7]Plaintiff's First Amended Complaint, Docket Entry No. 31, ¶ 16.

[8]Shell Petroleum Development Company of Nigeria, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for <u>Forum Non Conveniens</u>, Docket Entry No. 22.

[9]Minute Entry Order, Docket Entry No. 36.

[10]Shell Petroleum Development Company of Nigeria, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction, and, Subject Thereto, Answer and Motion to Dismiss for <u>Forum Non Conveniens</u>, Docket Entry No. 37.

that SPDC has sufficient contacts with Texas to justify subjecting SPDC to Texas's jurisdiction and that Texas was a sufficiently convenient forum to litigate his case.[11]

## II. Standard of Review

The Federal Rules of Civil Procedure permit the court to exercise personal jurisdiction over nonresidents, such as SPDC, to the extent permitted by Texas law. See Fed. R. Civ. P. 4(e)(1), 4(h)(1), 4(k)(1). It is plaintiff's burden to present prima facie evidence supporting jurisdiction. Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 270 (5th Cir. 2006). All nonconclusional factual allegations in the complaint will be credited "to the extent those are not controverted by any of the evidence[.]" Felch v. Transportes Lar-Mex SA De CV, 92 F.3d 320, 326 n.16 (5th Cir. 1996). However, "the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted." Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 869 (5th Cir. 2001); Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998) ("[T]he law does not require [courts] struthiously to credit conclusory [jurisdictional] allegations or draw farfetched inferences." (citation and internal quotation marks omitted)).

---

[11]Plaintiff's Response to Shell Petroleum Development Company of Nigeria, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Forum Non Conveniens, Docket Entry No. 38.

### III. Analysis

Determining whether a forum has personal jurisdiction over a defendant generally requires a two-step inquiry: (1) whether the state's long-arm statute confers personal jurisdiction and (2) whether the exercise of jurisdiction under the long-arm statute would violate a defendant's right to due process. Freudensprung v. Offshore Technical Serv., Inc., 379 F.3d 327, 343 (5th Cir. 2004). However, because the Texas long-arm statute confers jurisdiction to the full extent of due process, the only relevant inquiry in this case is whether exercising personal jurisdiction over the SPDC would violate due process. Id.

There are two types of personal jurisdiction: general and specific. Seiferth, 472 F.3d at 271. Because plaintiff has not raised an argument concerning general jurisdiction, the only question before the court is whether the court may exercise specific jurisdiction over SPDC.

Before the court can exercise specific jurisdiction over the SPDC, plaintiff must make prima facie showings that (1) SPDC has minimum contacts with Texas and (2) his cause of action arises out of or results from SPDC's forum contacts. Id. (quoting Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 378 (5th Cir. 2002)). A defendant has minimum contacts with the forum state if "[t]he nature and quality of a defendant's contacts with the forum . . . justify the conclusion that defendant should have reasonably anticipated being haled into court in the forum state." Coats v.

-5-

Penrod Drilling Corp., 5 F.3d 877, 884 (5th Cir. 1993). The plaintiff must point to some act demonstrating that the defendant "purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there." Nuovo Pignone, SpA, 310 F.3d at 378. A single act by a defendant that is directed toward the forum state, and that gives rise to a plaintiff's causes of action, can alone support a finding of minimum contacts. Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 211 (5th Cir. 1999). However, contacts that are merely "'random,' 'fortuitous,' or 'attenuated'" are not sufficient to support a finding of minimum contacts. Burger King Corp. v. Rudzewicz, 105 S. Ct. 2174, 2183 (1986) (citations omitted). If plaintiff satisfies its two-pronged prima facie burden, "the burden shifts to [SPDC] to defeat jurisdiction by showing that its exercise would be unfair or unreasonable." Seiferth, 472 F.3d at 271.

Plaintiff argues that under Prejean v. Sonatrach, Inc., 652 F.2d 1260 (5th Cir. Unit A Aug. 1981), SPDC is subject to Texas's jurisdiction because but for SPDC's contract with the Willbros defendants plaintiff would not have taken the job on the WB 318, and thus would not have been injured. In Prejean the Fifth Circuit noted that for purposes of the second prong of the personal jurisdiction analysis (the "arising out of" prong) a tort suit can arise out of a contractual contact if "the contractual contact is

a 'but for' causative factor for the tort . . . ." Id. at 1270 n.21.

Although the court in Prejean had no occasion to apply this "but for" causation rule, it did apply the rule in Trinity Indus., Inc. v. Myers & Assoc., Ltd., 41 F.3d 229 (5th Cir. 1995). There the plaintiff, a company with its principal place of business in Texas, sued a nonresident law firm for breach of fiduciary duty, among other claims, because the law firm had counseled one of the plaintiff's competitors to sue the plaintiff. Id. at 230. There was little doubt that the law firm had purposely availed itself of the forum state's protections -- it had represented, met with, and communicated extensively with a Texas client in Texas on numerous occasions over a three-year period. Id. at 231. The district court held that, notwithstanding the defendant's purposeful availment, Texas could not assert personal jurisdiction over the defendant because the plaintiff's claims did not "arise out of" the defendant's forum contacts -- the events that directly gave rise to the suit all occurred in another state, and the defendant's contacts with Texas did not form the factual basis for the plaintiff's claims. Id. at 230-31. In reversing the district court's decision, the Fifth Circuit held that the plaintiff's claims arose out of the defendant's contacts with Texas because "[t]here would be no injury or basis for a claim but for the fact that [the defendant] represented [the plaintiff] in Texas before

and during their engagement by [the plaintiff's competitor]."  Id. at 231-32.

Thus, under the "but for" causation test, once a defendant has purposely availed itself of a forum's protections, and placed itself "within tortious 'striking distance'" of the plaintiff, a defendant may not evade a forum's jurisdiction merely because the defendant's contacts did not directly cause or give rise to the plaintiff's claims.  Prejean, 652 F.2d at 1270 n.21.  In other words, "but for" causation becomes an issue only after a court has determined "the contact is by itself sufficient for due process," id., i.e., that a defendant has purposely availed itself of a forum's protections.  See Trinity, 41 F.3d at 231-32. Plaintiff, however, has not made this threshold showing.

Plaintiff argues that SPDC purposely availed itself of this forum when it (1) came to Houston, Texas, to meet with the Willbros defendants and eventually contracted for their services; (2) agreed in its contract to share responsibility for project security with the Willbros defendants; (3) directly hired personnel through Spell and Spell, a Texas company owned by plaintiff's father;[12] and

---

[12]Plaintiff's First Amended Complaint, Docket Entry No. 31, ¶ 11.  The court notes that plaintiff's complaint states that "SPDC contracted with the Willbros defendants in Houston, Texas, to provide a vessel to lay pipe."  Id.  However, the court does not understand this allegation to mean that SPDC executed its contract with the Willbros defendants in Houston, Texas; such an allegation would be refuted by the face of the contract, which plaintiff provided as an exhibit to his response.  See Plaintiff's Response
(continued...)

(4) during the course of performing its contractual obligations, contacted the Willbros defendants' offices in Houston, Texas, by telephone and e-mail.[13]  The court is not persuaded by plaintiff's argument.

This case is almost indistinguishable from <u>Freudensprung</u> where the court held that personal jurisdiction did not exist over a nonresident defendant.  379 F.3d at 344.  There the plaintiff, a Texas resident, sued a foreign barge owner for injuries the plaintiff sustained while in the barge owner's service in Nigeria. <u>Id.</u> at 333.  The plaintiff sued the barge owner in Texas and argued that Texas could assert personal jurisdiction over the barge owner because (1) the barge owner had entered a long-term contract with the plaintiff's employer, a Texas-based supplier; (2) the contract required the barge owner to arbitrate any dispute between it and the supplier in Texas; (3) while developing and carrying out the contract the barge owner engaged in communications with the supplier in Texas; and (4) the barge owner had wired payments to the plaintiff's employer in Texas.  <u>Id.</u> at 344.

---

[12](...continued)
to Shell Petroleum Development Company of Nigeria, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for <u>Forum Non Conveniens</u>, Docket Entry No. 38, Exhibit 1, Forcados Yokri Integrated Project Agreement, § I, p. 3 (noting that the contract was executed in Nigeria).

[13]Plaintiff's Response to Shell Petroleum Development Company of Nigeria, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for <u>Forum Non Conveniens</u>, Docket Entry No. 38, p. 5.

The Fifth Circuit held that these contacts were insufficient to support the exercise of personal jurisdiction over the barge owner because the contacts did not indicate that the barge owner "intended to avail itself of the privilege of doing business in Texas." Id. at 345.  The court held that "'merely contracting with a resident of the forum [wa]s insufficient to subject the nonresident to the forum's jurisdiction,'" id. at 344 (quoting Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir. 1986)); and "that the combination of engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum [we]re insufficient to establish the minimum contacts necessary to support the exercise of specific jurisdiction over the nonresident defendant." Id.  Furthermore, the court held that the significance of the barge owner's contacts with Texas was "severely diminished by the fact that the contract at issue specified that it was to be governed by English law and that the material portions of the contract . . . were to be performed in West Africa, not Texas." Id.

The court concludes that it cannot assert jurisdiction over SPDC because, under Freudensprung, SPDC's purported contacts with Texas -- its contract and communications with the Willbros defendants --  do not evince an intent by SPDC to purposely avail itself of this forum.  Moreover, as in Freudensprung, the

-10-

significance of SPDC's purported contacts is further diminished by the fact that the contract between SPDC and the Willbros defendants was entered into in Nigeria, is governed by Nigerian law, and will be performed in all material respects in Nigeria.

The only material difference between plaintiff's case and Freudensprung is plaintiff's allegation regarding SPDC's hiring of personnel through Spell and Spell, a Texas company[14] -- an allegation that the court assumes is true because SPDC has not controverted it. However, even if true, this difference is not enough to sufficiently distinguish plaintiff's case from Freudensprung. Plaintiff has failed to show that this fact, when combined with the other contacts, is of such a quality and nature that SPDC should have reasonably anticipated being haled into court in Texas. Plaintiff has not revealed the frequency of SPDC's use of Spell and Spell personnel or its duration, or explained how this contact relates to his suit. Cf. Coats, 5 F.3d at 884 (holding that a foreign defendant was subject to Mississippi's jurisdiction after it held meetings and advertised in local newspapers to recruit Mississippi residents, hired the plaintiff who was a Mississippi resident, signed a contract to fly the plaintiff back

---

[14]Plaintiff's First Amended Complaint, Docket Entry No. 31, ¶ 11. According to plaintiff's allegations, plaintiff was a Willbros employee, not an employee of Spell and Spell. Thus, the court understands plaintiff's allegation to mean that SPDC has directly solicited Spell and Spell's services in the past, not that SPDC used Spell and Spell's services to hire plaintiff.

to Mississippi once a year, flew plaintiff back to Mississippi, and assumed the obligation to pay plaintiff's medical bills in Mississippi after he was injured). Plaintiff has failed to make a prima facie showing that SPDC has minimum contacts with this forum, which requires that SPDC be dismissed.

## IV. Conclusion and Order

Based on the foregoing analysis, defendant SPDC's Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 37) is **GRANTED**, and Shell Petroleum Company of Nigeria, Ltd. is **DISMISSED** for lack of jurisdiction. SPDC's Motion to Dismiss for Forum Non Conveniens is **DENIED as moot**.

**SIGNED** at Houston, Texas, on this the 30th day of June, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE